**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| HOLOGIC, INC.,<br><br>Plaintiff,<br><br>v.<br><br>SIEMENS HEALTHINEERS AG, SIEMENS HEALTHCARE GMBH, and SIEMENS MEDICAL SOLUTIONS USA, INC.<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. __________<br><br>JURY TRIAL DEMANDED |

**<u>COMPLAINT FOR PATENT INFRINGEMENT</u>**

Plaintiff Hologic, Inc. ("Hologic" or "Plaintiff"), by and through its undersigned counsel, for its Complaint against Defendants Siemens Healthineers AG, Siemens Healthcare GmbH, and Siemens Medical Solutions USA, Inc. (collectively, "Siemens" or "Defendants"), alleges as follows:

**<u>NATURE OF THE ACTION</u>**

1. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1 et seq., including 35 U.S.C. § 271, based on Defendants' manufacture, importation, use, sale, offer for sale, and/or direct and indirect infringement involving Siemens MAMMOMAT B.brilliant digital mammography and breast tomosynthesis systems and related configurations, components, X-ray tubes, X-ray tube assemblies, and accessories (collectively, the "Accused Products").

2. Hologic is a Delaware corporation and a global medical-technology company dedicated to improving women's health. Hologic pioneered commercial digital breast tomosynthesis and introduced the first FDA-approved three-dimensional ("3D") mammography system in the United States.

3. Hologic owns U.S. Patent Nos. 8,457,282 (the "'282 Patent"), 8,515,005 (the "'005 Patent"), 8,767,911 (the "'911 Patent"), 9,502,148 (the "'148 Patent"), and 9,895,115 (the "'115 Patent") (collectively, the "Asserted Patents").

4. Defendants' MAMMOMAT B.brilliant platform incorporates the patented focal-spot compensation technology, which is employed during a breast tomosynthesis examination. Siemens states that, during tomosynthesis, the X-ray tube moves continuously through a 50° angular range while the system acquires 25 projection images and that, during each X-ray pulse, the focal spot is moved in the direction opposite the movement of the X-ray tube to compensate for tube motion and reduce image blur.

5. The same B.brilliant product has been adjudicated in Europe. In June 2026, the Unified Patent Court ("UPC"), Düsseldorf Local Division, rejected Siemens' validity challenge to Hologic's related European Patent No. EP 2 352 431 ("EP '431") and found that the MAMMOMAT B.brilliant infringed EP '431. The UPC judgment is relevant to the history of the parties and the accused mammography systems with focal-spot compensation technology.

## THE PARTIES

6. Plaintiff Hologic, Inc. is a Delaware corporation with its headquarters at 250 Campus Drive, Marlborough, Massachusetts 01752.

7. Defendant Siemens Healthineers AG is organized under the laws of Germany and has a principal place of business at Siemensstrasse 3, 91301 Forchheim, Germany. On information and belief, Siemens Healthineers AG is the parent company of Siemens Healthcare GmbH and directs, controls, and/or participates in the manufacture and commercialization of the Accused Products.

8. Defendant Siemens Healthcare GmbH is organized under the laws of Germany and has a principal place of business at Henkestraße 127, 91052 Erlangen, Germany. On information and belief, Siemens Healthcare GmbH manufactures and/or has manufactured the Accused Products in Germany and sells or supplies them for importation into the United States.

9. Defendant Siemens Medical Solutions USA, Inc. is a Delaware corporation with a principal place of business at 40 Liberty Boulevard, Malvern, Pennsylvania 19355. On information and belief, Siemens Medical Solutions USA, Inc. imports, markets, offers for sale, sells, distributes, installs, services, and supports the Accused Products in the United States.

## **JURISDICTION AND VENUE**

10. This is a civil action for patent infringement of U.S. Patent Nos. 8,457,282, 8,515,005, 8,767,911, 9,502,148, and 9,895,115. This action arises under the patent laws of the United States, 35 U.S.C. § 1 *et seq*., including §§ 271(a), 271(b), and/or 271(c).

11. This Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States.

12. This Court has personal jurisdiction over Siemens Medical Solutions USA, Inc. because it is incorporated in Delaware and therefore resides in this State for purposes of personal jurisdiction and venue.

13. Venue is proper in this District as to Siemens Medical Solutions USA, Inc. under 28 U.S.C. § 1400(b) because Siemens Medical Solutions USA, Inc. is incorporated in Delaware and therefore resides in this District.

14. This Court has personal jurisdiction over Siemens Healthineers AG and Siemens Healthcare GmbH because, on information and belief, they have purposefully directed activities toward Delaware and the United States relating to the Accused Products, including through their

Delaware-incorporated U.S. affiliate Siemens Medical Solutions USA, Inc.; have placed the Accused Products into the stream of commerce with the expectation that they would be sold and used throughout the United States, including in Delaware; and have acted in concert with Siemens Medical Solutions USA, Inc. in the commercialization of the Accused Products in the United States and Delaware.

15. Alternatively, this Court may exercise jurisdiction over Siemens Healthineers AG and Siemens Healthcare GmbH pursuant to Fed. R. Civ. P. 4(k)(2) because (1) Hologic's claims arise under federal law; (2) Siemens Healthineers AG and Siemens Healthcare GmbH are foreign defendants purportedly not subject to personal jurisdiction in any state's court of general jurisdiction; and (3) Siemens Healthineers AG and Siemens Healthcare GmbH have sufficient contacts with the United States as a whole, including but not limited to manufacturing, importing, offering to sell, or selling mammography systems, including the Accused Products, distributed throughout the United States, such that this Court's exercise of jurisdiction over Siemens Healthineers AG and Siemens Healthcare GmbH satisfies due process.

16. Venue is proper in this District as to Siemens Healthineers AG and Siemens Healthcare GmbH under 28 U.S.C. § 1391(c)(3) because they are foreign entities and may be sued in any judicial district, including this District.

## HOLOGIC'S INNOVATION IN MAMMOGRAPHY AND DIGITAL BREAST TOMOSYNTHESIS

17. Hologic has long been at the forefront of breast-cancer detection technology. In the early 2000s, a small team within Hologic, including company co-founder Jay Stein, set out to build the first 3D mammography system.

18. That effort led to the Selenia® Dimensions® system, which received the CE mark in Europe in 2008 and, in February 2011, became the first digital breast tomosynthesis system approved by the FDA.

19. Hologic continued to build on that foundational technology. Among other innovations, Hologic developed C-View® reconstructed 2D imaging, Hologic Clarity HD® high-resolution 3D imaging, Intelligent 2D™ imaging, SmartCurve® breast stabilization, 3DQuorum® imaging powered by Genius AI®, and Genius AI Detection.

20. More recently, Hologic has received FDA approval for its Envision™ Mammography Platform, a next-generation mammography platform designed to acquire high-speed 3D mammograms while improving image sharpness, patient comfort, positioning, and access to high-quality screening.

21. Hologic has made substantial investments in the United States in research, development, engineering, manufacturing, and commercialization of its breast-health technologies. Hologic maintains the manufacturing facility for its patented Envision™ platform in Newark, Delaware.

## THE TECHNOLOGY AND ACCUSED PRODUCTS

22. Breast tomosynthesis acquires multiple X-ray projection images of a compressed breast over a range of angles and reconstructs those projections into a three-dimensional image set. During a continuous scan, movement of the X-ray source during an exposure can enlarge the effective focal spot and introduce blur.

23. The Asserted Patents address this problem through focal-spot compensation technologies that control focal-spot characteristics during image acquisition. Representative embodiments include moving the focal spot in a direction opposite to the movement of the X-ray

source during an exposure so that the effective focal spot remains substantially fixed relative to the breast and/or detector, thereby reducing blur and improving image clarity. Certain asserted claims also concern coordinated control of collimation during imaging.

24. The Accused Products include the Siemens MAMMOMAT B.brilliant digital mammography and breast tomosynthesis system, including versions and configurations marketed with Siemens VA10 and VA11 software releases, and components thereof, including X-ray tubes and X-ray tube assemblies.

25. Siemens introduced MAMMOMAT B.brilliant to the market in September 2023 as its next-generation mammography platform. The system performs both conventional two-dimensional mammography and three-dimensional digital breast tomosynthesis and incorporates what Siemens calls "PlatinumTomo," which combines 50° wide-angle tomosynthesis, a detector, PREMIA image reconstruction, and an X-ray tube using flying-focal-spot technology.

26. A central feature of the MAMMOMAT B.brilliant mammography system is what it has labeled as its flying-focal-spot technology. During tomosynthesis, the X-ray tube moves continuously through a 50° angular range while the system acquires 25 projection images. Siemens explains that, during each X-ray pulse, an electron beam is deflected by an electromagnetic field so that the focal spot on the anode moves linearly in the direction opposite the movement of the X-ray tube. Siemens further states that this counter-movement causes the focal spot to appear stationary when observed from outside the tube during the X-ray pulse, after which the focal spot is returned to its starting position for the next projection.

27. Siemens sought FDA clearance to market the MAMMOMAT B.brilliant in the United States through 510(k) Premarket Notification K233539. The FDA cleared that submission

on March 27, 2024. The cleared device was identified as the MAMMOMAT B.brilliant with VA10.

28. Siemens subsequently submitted a second 510(k), K253678, for MAMMOMAT B.brilliant, which the FDA cleared on June 18, 2026. That submission continues to identify the regulated device as "MAMMOMAT B.brilliant" and covers the same digital mammography platform while adding or modifying functionality associated with the later configuration, including biopsy and dual-energy capabilities.

29. The later VA11 configuration is not materially different with respect to the focal-spot compensation technology accused here. Both FDA clearances identify the device by the same MAMMOMAT B.brilliant product name, and, on information and belief, the VA11 configuration retains the B.brilliant hardware and flying-focal-spot functionality relevant to infringement of the Asserted Patents. Unless otherwise indicated, references to "MAMMOMAT B.brilliant" or the "Accused Products" encompass VA10, VA11, and other B.brilliant configurations incorporating the accused technology.

30. Siemens Healthineers AG and/or Siemens Healthcare GmbH manufactures the Accused Products in Germany. Siemens Medical Solutions USA, Inc. is identified in Siemens' FDA submissions as the U.S. importer and distributor of MAMMOMAT B.brilliant systems.

31. At least two B.brilliant systems have been publicly identified as installed in the United States, including a system installed at Grace Breast Imaging & Medical Spa in Iowa in or around January 2025 and a system installed at Hackensack Meridian Mountainside Medical Center in Montclair, New Jersey, in or around April 2026.

## THE ASSERTED PATENTS

32. Hologic owns the entire right, title, and interest in and to each of the Asserted Patents, including the right to sue for past, present, and future infringement and to recover damages for infringement.

33. The ’282 Patent, entitled “Method and System for Controlling X-Ray Focal Spot Characteristics for Tomosynthesis and Mammography Imaging,” issued on June 4, 2013. The ’282 Patent issued from U.S. Patent Application No. 12/623,472 (“’472 application”), filed November 23, 2009, and claims priority to U.S. Provisional Application No. 61/117,453 (“’453 provisional application”), filed November 24, 2008.

34. The ’005 Patent, entitled “Tomosynthesis With Shifting Focal Spot and Oscillating Collimator Blades,” issued on August 20, 2013 from U.S. Patent Application No. 12/849,294 (“’294 application”), filed August 3, 2010. The ’294 application is a continuation-in-part of the ’472 application (issued as the ’282 patent), which claims priority to the ’453 provisional application.

35. The ’911 Patent, entitled “Tomosynthesis With Shifting Focal Spot and Oscillating Collimator Blades,” issued on July 1, 2014 from U.S. Patent Application No. 13/966,606 (“’606 application”), filed August 14, 2013. The ’606 application is a continuation of the ’294 application (issued as the ’005 patent), which is a continuation-in-part of the ’472 application (issued as the ’282 patent), which claims priority to the ’453 provisional application.

36. The ’148 Patent, entitled “Tomosynthesis With Shifting Focal Spot and Oscillating Collimator Blades,” issued on November 22, 2016 from U.S. Patent Application No. 14/966,011 (“’011 application”), filed December 11, 2015. The ’011 application is a continuation of U.S. Patent Application No. 14/319,170 (“’170 application”), filed June 30, 2014 (issued as U.S. Patent No. 9,226,721, the “’721 patent”), which is a continuation of the ’606 application

(issued as the ’911 patent), which is a continuation of the ’294 application (issued as the ’005 patent), which is a continuation-in-part of the ’472 application (issued as the ’282 patent), which claims priority to the ’453 provisional application.

37. The ’115 Patent, entitled “Tomosynthesis With Shifting Focal Spot and Oscillating Collimator Blades,” issued on February 20, 2018 from U.S. Patent Application No. 15/357,857 (“’857 application”), filed November 21, 2016. The ’857 application is a continuation of the ’011 application (issued as the ’148 patent), which is a continuation of the ’170 application (issued as the ’721 patent), which is a continuation of the ’606 application (issued as the ’911 patent), which is a continuation of the ’294 application (issued as the ’005 patent), which is a continuation-in-part of the ’472 application (issued as the ’282 patent), which claims priority to the ’453 provisional application.

38. True and correct copies of the Asserted Patents are attached as Exhibits A-E, respectively.

## THE PARTIES’ PRIOR EUROPEAN PROCEEDINGS

39. Hologic owns EP ’431, the European counterpart to the ’282 Patent. EP ’431 concerns controlling X-ray focal-spot characteristics during mammography and tomosynthesis.

40. In May 2019, Siemens Healthcare GmbH filed an opposition before the European Patent Office (“EPO”) challenging the validity of EP ’431. Siemens Healthcare GmbH sought revocation on grounds including added subject matter, insufficiency of disclosure, lack of novelty, and lack of inventive step. The EPO Opposition Division rejected Siemens Healthcare GmbH’s opposition, and Siemens appealed to the EPO Technical Board of Appeal. On February 14, 2024, the Technical Board of Appeal dismissed Siemens Healthcare GmbH’s appeal and left

EP ’431 in force as granted. *See Siemens Healthcare GmbH v. Hologic, Inc.*, T 1762/21-3.2.02, Decision of the Technical Board of Appeal 3.2.02 (EPO Feb. 14, 2024).

41. After Siemens introduced MAMMOMAT B.brilliant, Hologic brought an infringement action in the Düsseldorf Local Division of the UPC against Siemens Healthineers AG, Siemens Healthcare GmbH, Siemens Healthineers Nederland B.V., and Siemens Healthcare SAS, asserting that B.brilliant infringed EP ’431. Siemens denied infringement and challenged the validity of EP ’431 through a counterclaim for revocation.

42. On June 10, 2026, the UPC ruled in Hologic’s favor. The UPC rejected Siemens’ validity challenge and found that MAMMOMAT B.brilliant infringed EP ’431. Among other things, the UPC considered the B.brilliant X-ray tube and focal-spot-compensation functionality and found that the accused system satisfied limitations requiring movement of the focal spot during X-ray-tube movement. The court also rejected Siemens’ position concerning the claimed “focusing cup” and found that B.brilliant contains the required focusing-cup structure. *See Hologic, Inc. v. Siemens Healthineers AG et al.*, UPC_CFI_758/2024 & UPC_CFI_259/2025 (LD Düsseldorf June 10, 2026).

43. Although the claims asserted in this action are United States patent claims and infringement must be determined independently under United States law, the UPC proceeding is relevant to the parties’ history and to Siemens’ knowledge of Hologic’s focal-spot-control technology.

**DEFENDANTS’ KNOWLEDGE AND INFRINGEMENT**

44. Defendants have had actual knowledge of Hologic’s related focal-spot-control patent rights at least since Siemens Healthcare GmbH filed its EPO opposition to EP ’431 in 2019 and, on information and belief, have had knowledge of the Asserted Patents through their

patent-review, product-development, regulatory, and litigation activities. On information and belief, Siemens Healthineers AG and Siemens Medical Solutions USA, Inc. learned of the EPO and UPC proceedings through their corporate affiliation with Siemens Healthcare GmbH. At a minimum, Defendants have had knowledge of the Asserted Patents and of their infringement at least upon service of this Complaint.

45. Defendants have directly infringed and continue to directly infringe one or more claims of the Asserted Patents under 35 U.S.C. § 271(a) by making, using, offering to sell, selling, and/or importing the Accused Products in the United States.

46. Defendants have induced and continue to induce infringement under 35 U.S.C. § 271(b) with knowledge of the Asserted Patents and specific intent to cause infringement, by actively encouraging and facilitating customers, healthcare providers, distributors, service personnel, and other end users to use the Accused Products in an infringing manner, including through operating manuals, training, technical support, marketing, promotional materials, installation, service, and demonstrations.

47. Defendants have contributorily infringed and continue to contributorily infringe under 35 U.S.C. § 271(c) by selling, offering to sell, and importing into the United States Accused Products and components that constitute material parts of the patented inventions, knowing that they are especially made or especially adapted for use in infringement and are not staple articles or commodities suitable for substantial noninfringing use.

48. Defendants' infringement has been and continues to be deliberate and, on information and belief, willful. Despite knowledge of Hologic's patent rights and the parties' prior proceedings, Defendants have continued to commercialize MAMMOMAT B.brilliant in the United States.

## COUNT 1 – INFRINGEMENT OF U.S. PATENT NO. 8,457,282

49. Hologic incorporates by reference and realleges the preceding paragraphs as though fully set forth herein.

50. Hologic owns all right, title, and interest in the ’282 Patent, including the right to enforce the patent and recover damages for infringement.

51. The ’282 Patent is valid and enforceable.

52. The cause of action for Siemens’ infringement of the ’282 Patent arises under 35 U.S.C. §§ 271(a), 271(b), and/or 271(c).

53. In violation of 35 U.S.C. § 271(a), Defendants have directly infringed and continue to directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the ’282 Patent, including at least claims 1, 2, 4, 5, 7, and 8, by making, using, offering to sell, selling, and/or importing the Accused Products in the United States without authorization from Hologic.

54. In violation of 35 U.S.C. § 271(b), Defendants have induced and continue to induce infringement of the ’282 Patent by instructing, encouraging, and facilitating customers and end users to operate the Accused Products in a manner that practices one or more claims of the ’282 Patent, including through Siemens’ manuals, training, technical support, installation, service, demonstrations, advertising, and marketing materials.

55. In violation of 35 U.S.C. § 271(c), Defendants have contributorily infringed and continue to contributorily infringe the ’282 Patent by selling, offering to sell, and importing Accused Products and components that embody a material part of the claimed inventions, are especially made or especially adapted for infringing use, and are not staple articles or commodities suitable for substantial noninfringing use.

56. The attached Exhibit F identifies by example where and how each element of one or more claims of the ’282 Patent is found within the Accused Products.

57. As a direct and proximate result of Defendants’ infringement of the ’282 Patent, Hologic has suffered and will continue to suffer damages in an amount to be proven at trial.

58. Defendants’ infringement of the ’282 Patent has caused and will continue to cause Hologic irreparable harm for which there is no adequate remedy at law unless Defendants are enjoined from further infringement.

59. Defendants’ infringement of the ’282 Patent has been and continues to be willful, entitling Hologic to enhanced damages under 35 U.S.C. § 284.

60. This case is exceptional, and Hologic is entitled to an award of attorneys’ fees under 35 U.S.C. § 285.

**COUNT 2 – INFRINGEMENT OF U.S. PATENT NO. 8,515,005**

61. Hologic incorporates by reference and realleges the preceding paragraphs as though fully set forth herein.

62. Hologic owns all right, title, and interest in the ’005 Patent, including the right to enforce the patent and recover damages for infringement.

63. The ’005 Patent is valid and enforceable.

64. The cause of action for Siemens’ infringement of the ’005 Patent arises under 35 U.S.C. §§ 271(a), 271(b), and/or 271(c).

65. In violation of 35 U.S.C. § 271(a), Defendants have directly infringed and continue to directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the ’005 Patent, including at least claims 1-4 and 6-18, by making, using, offering to

sell, selling, and/or importing the Accused Products in the United States without authorization from Hologic.

66. In violation of 35 U.S.C. § 271(b), Defendants have induced and continue to induce infringement of the ’005 Patent by instructing, encouraging, and facilitating customers and end users to operate the Accused Products in a manner that practices one or more claims of the ’005 Patent, including through Siemens’ manuals, training, technical support, installation, service, demonstrations, advertising, and marketing materials.

67. In violation of 35 U.S.C. § 271(c), Defendants have contributorily infringed and continue to contributorily infringe the ’005 Patent by selling, offering to sell, and importing Accused Products and components that embody a material part of the claimed inventions, are especially made or especially adapted for infringing use, and are not staple articles or commodities suitable for substantial noninfringing use.

68. The attached Exhibit G identifies by example where and how each element of one or more claims of the ’005 Patent is found within the Accused Products.

69. As a direct and proximate result of Defendants’ infringement of the ’005 Patent, Hologic has suffered and will continue to suffer damages in an amount to be proven at trial.

70. Defendants’ infringement of the ’005 Patent has caused and will continue to cause Hologic irreparable harm for which there is no adequate remedy at law unless Defendants are enjoined from further infringement.

71. Defendants’ infringement of the ’005 Patent has been and continues to be willful, entitling Hologic to enhanced damages under 35 U.S.C. § 284.

72. This case is exceptional, and Hologic is entitled to an award of attorneys’ fees under 35 U.S.C. § 285.

**COUNT 3 – INFRINGEMENT OF U.S. PATENT NO. 8,767,911**

73. Hologic incorporates by reference and realleges the preceding paragraphs as though fully set forth herein.

74. Hologic owns all right, title, and interest in the ’911 Patent, including the right to enforce the patent and recover damages for infringement.

75. The ’911 Patent is valid and enforceable.

76. The cause of action for Siemens’ infringement of the ’911 Patent arises under 35 U.S.C. §§ 271(a), 271(b), and/or 271(c).

77. In violation of 35 U.S.C. § 271(a), Defendants have directly infringed and continue to directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the ’911 Patent, including at least claims 1-8 and 10-19, by making, using, offering to sell, selling, and/or importing the Accused Products in the United States without authorization from Hologic.

78. In violation of 35 U.S.C. § 271(b), Defendants have induced and continue to induce infringement of the ’911 Patent by instructing, encouraging, and facilitating customers and end users to operate the Accused Products in a manner that practices one or more claims of the ’911 Patent, including through Siemens’ manuals, training, technical support, installation, service, demonstrations, advertising, and marketing materials.

79. In violation of 35 U.S.C. § 271(c), Defendants have contributorily infringed and continue to contributorily infringe the ’911 Patent by selling, offering to sell, and importing Accused Products and components that embody a material part of the claimed inventions, are especially made or especially adapted for infringing use, and are not staple articles or commodities suitable for substantial noninfringing use.

80. The attached Exhibit H identifies by example where and how each element of one or more claims of the ’911 Patent is found within the Accused Products.

81. As a direct and proximate result of Defendants’ infringement of the ’911 Patent, Hologic has suffered and will continue to suffer damages in an amount to be proven at trial.

82. Defendants’ infringement of the ’911 Patent has caused and will continue to cause Hologic irreparable harm for which there is no adequate remedy at law unless Defendants are enjoined from further infringement.

83. Defendants’ infringement of the ’911 Patent has been and continues to be willful, entitling Hologic to enhanced damages under 35 U.S.C. § 284.

84. This case is exceptional, and Hologic is entitled to an award of attorneys’ fees under 35 U.S.C. § 285.

## COUNT 4 – INFRINGEMENT OF U.S. PATENT NO. 9,502,148

85. Hologic incorporates by reference and realleges the preceding paragraphs as though fully set forth herein.

86. Hologic owns all right, title, and interest in the ’148 Patent, including the right to enforce the patent and recover damages for infringement.

87. The ’148 Patent is valid and enforceable.

88. The cause of action for Siemens’ infringement of the ’148 Patent arises under 35 U.S.C. §§ 271(a), 271(b), and/or 271(c).

89. In violation of 35 U.S.C. § 271(a), Defendants have directly infringed and continue to directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the ’148 Patent, including at least claims 1 and 3-18, by making, using, offering to sell,

selling, and/or importing the Accused Products in the United States without authorization from Hologic.

90. In violation of 35 U.S.C. § 271(b), Defendants have induced and continue to induce infringement of the ’148 Patent by instructing, encouraging, and facilitating customers and end users to operate the Accused Products in a manner that practices one or more claims of the ’148 Patent, including through Siemens’ manuals, training, technical support, installation, service, demonstrations, advertising, and marketing materials.

91. In violation of 35 U.S.C. § 271(c), Defendants have contributorily infringed and continue to contributorily infringe the ’148 Patent by selling, offering to sell, and importing Accused Products and components that embody a material part of the claimed inventions, are especially made or especially adapted for infringing use, and are not staple articles or commodities suitable for substantial noninfringing use.

92. The attached Exhibit I identifies by example where and how each element of one or more claims of the ’148 Patent is found within the Accused Products.

93. As a direct and proximate result of Defendants’ infringement of the ’148 Patent, Hologic has suffered and will continue to suffer damages in an amount to be proven at trial.

94. Defendants’ infringement of the ’148 Patent has caused and will continue to cause Hologic irreparable harm for which there is no adequate remedy at law unless Defendants are enjoined from further infringement.

95. Defendants’ infringement of the ’148 Patent has been and continues to be willful, entitling Hologic to enhanced damages under 35 U.S.C. § 284.

96. This case is exceptional, and Hologic is entitled to an award of attorneys’ fees under 35 U.S.C. § 285.

**COUNT 5 – INFRINGEMENT OF U.S. PATENT NO. 9,895,115**

97. Hologic incorporates by reference and realleges the preceding paragraphs as though fully set forth herein.

98. Hologic owns all right, title, and interest in the ’115 Patent, including the right to enforce the patent and recover damages for infringement.

99. The ’115 Patent is valid and enforceable.

100. The cause of action for Siemens’ infringement of the ’115 Patent arises under 35 U.S.C. §§ 271(a), 271(b), and/or 271(c).

101. In violation of 35 U.S.C. § 271(a), Defendants have directly infringed and continue to directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the ’115 Patent, including at least claims 1 and 3-20, by making, using, offering to sell, selling, and/or importing the Accused Products in the United States without authorization from Hologic.

102. In violation of 35 U.S.C. § 271(b), Defendants have induced and continue to induce infringement of the ’115 Patent by instructing, encouraging, and facilitating customers and end users to operate the Accused Products in a manner that practices one or more claims of the ’115 Patent, including through Siemens’ manuals, training, technical support, installation, service, demonstrations, advertising, and marketing materials.

103. In violation of 35 U.S.C. § 271(c), Defendants have contributorily infringed and continue to contributorily infringe the ’115 Patent by selling, offering to sell, and importing Accused Products and components that embody a material part of the claimed inventions, are especially made or especially adapted for infringing use, and are not staple articles or commodities suitable for substantial noninfringing use.

104. The attached Exhibit J identifies by example where and how each element of one or more claims of the ’115 Patent is found within the Accused Products.

105. As a direct and proximate result of Defendants’ infringement of the ’115 Patent, Hologic has suffered and will continue to suffer damages in an amount to be proven at trial.

106. Defendants’ infringement of the ’115 Patent has caused and will continue to cause Hologic irreparable harm for which there is no adequate remedy at law unless Defendants are enjoined from further infringement.

107. Defendants’ infringement of the ’115 Patent has been and continues to be willful, entitling Hologic to enhanced damages under 35 U.S.C. § 284.

108. This case is exceptional, and Hologic is entitled to an award of attorneys’ fees under 35 U.S.C. § 285.

## PRAYER FOR RELIEF

109. WHEREFORE, Hologic respectfully requests that the Court enter judgment in its favor and against Defendants as follows:

A. Declaring that Defendants have infringed and continue to infringe one or more claims of each of the Asserted Patents, directly and/or indirectly, literally and/or under the doctrine of equivalents;

B. Declaring that Defendants’ infringement has been willful;

C. Permanently enjoining Defendants and their officers, agents, servants, employees, attorneys, parents, subsidiaries, affiliates, and all persons in active concert or participation with them from making, using, offering for sale, selling, or importing into the United States products that infringe the Asserted Patents, including the Accused Products;

D. Awarding Hologic damages adequate to compensate for Defendants' infringement, in no event less than a reasonable royalty, including supplemental damages for any post-verdict infringement, together with prejudgment and post-judgment interest and costs under 35 U.S.C. § 284;

E. Enhancing damages up to three times the amount found or assessed under 35 U.S.C. § 284;

F. Declaring this case exceptional under 35 U.S.C. § 285 and awarding Hologic its reasonable attorneys' fees;

G. Awarding Hologic its costs and expenses; and

H. Granting such other and further relief as the Court deems just and proper.

## JURY DEMAND

110. Pursuant to Federal Rule of Civil Procedure 38(b), Hologic demands a trial by jury on all issues so triable.

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

/s/ Robert M. Vrana

Pilar G. Kraman (#5199)
Robert M. Vrana (#5666)
Rodney Square
1000 North King Street
Wilmington, DE 19801
Telephone: (302) 571-6600
pkraman@ycst.com
rvrana@ycst.com

*Attorneys for Plaintiff Hologic, Inc.*

OF COUNSEL:

Matthew M. Wolf
Brian D. Hill
David C. McMullen, Ph.D.
**ARNOLD & PORTER KAYE SCHOLER LLP**
601 Massachusetts Ave. NW
Washington, DC 20001
(202) 942-5000
matthew.wolf@arnoldporter.com
brian.hill@arnoldporter.com
david.mcmullen@arnoldporter.com

David A. Caine
**ARNOLD & PORTER KAYE SCHOLER LLP**
3000 El Camino Real
Five Palo Alto Square, Suite 500
Palo Alto, CA 94306
Phone: (650) 319-4500
Fax: (650) 319-4700
david.caine@arnoldporter.com

Ryan J. Casamiquela
**ARNOLD & PORTER KAYE SCHOLER LLP**
Four Embarcadero Center, 14th Floor
San Francisco, CA 94111-4164
Telephone: (415) 471-3100
ryan.casamiquela@arnoldporter.com

Michelle Ban
**Arnold & Porter Kaye Scholer LLP**
777 South Figueroa Street, 44th Floor
Los Angeles, CA 90017-5844
Tel: (213) 243-4000

Olivia Matthews
**Arnold & Porter Kaye Scholer LLP**
300 North LaSalle Drive, Suite 3500
Chicago, IL 60654
Tel: (312) 583-2300

November 16, 2026